IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON MILLER and ROB FINLEY, d/b/a F & M Builders, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL NO. 10-514-GPM<br>) |
| NONA J. HILL, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| KIM SWISHER, | )<br>) |
| Movant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter originated in state court. It was removed on July 14, 2010, under 28 U.S.C. §§ 1442(a)(1) and 1446, based on what is commonly referred to as "federal officer jurisdiction." Also filed was a motion to quash, which is the controversy involved in this federal action.

### FACTUAL BACKGROUND

The underlying state court dispute is a mystery. The removal papers include nothing to give this Court context for how this federal dispute arose. In any event, here is what the Court does know.

Kim Swisher is an Area Specialist for the U.S. Department of Agriculture (USDA) Rural Development, which is a federal agency. In early June, the Circuit Court for the Fourth Judicial

Circuit Court of Marion County, Illinois, issued subpoenas commanding Swisher to appear to testify and produce certain documents on June 29, 2010, at 1:00 p.m., during an ongoing trial. The subpoenas, which are attached to the notice of removal, reflect that Swisher was subpoenaed in her official capacity and that the information sought arises out of or is related to her federal employment. In response to the subpoenas, the State Director for the USDA Rural Development sent letters to the state court plaintiffs, who are proceeding pro se, counsel for the state court defendant, and the clerk of the state court to inform them that, where the United States is not a party to the action, federal regulations require a federal agency employee to appear and decline to testify unless the federal agency authorizes her to testify. According to the letter, the USDA agency head is unable to make a determination that Swisher's testimony is in the best interest of the agency; therefore, no such authorization has been given.

Swisher appeared in state court on June 29th and declined to testify, citing her agency head's letter and the pertinent federal regulations. After the parties insisted that the subpoenas be enforced, the state court judge allowed Swisher to make a telephone call and instructed her: "tell them you've got two choices, one is you're going to testify or I'm going to send you to jail" (Doc. 2-3, p. 5). Ultimately, the state court ordered a recess in the trial, continued the proceedings until July 16th at 1:00 p.m., and instructed that "the subpoena is still valid for that day unless somebody can file something to get you totally loose from that" (*id*. at p. 11).

## ANALYSIS

The removal of this dispute is proper under § 1442(a)(1). A removable action commenced when Swisher, a federal official, declined to comply with the subpoenas and the subpoenaing parties requested judicial intervention from the state court to enforce the subpoenas. *See Dunne v. Hunt*,

No. 06 C 170, 2006 WL 1371445, at 4 (N.D. Ill. May 16, 2006); *see also People v. Mayfield*, No. 99 C 2702, 1999 WL 414264 (N.D. Ill. May 27, 1999); *Indiana v. Adams*, 892 F. Supp. 1101 (S.D. Ind. 1995). But only the dispute regarding the enforceability of the subpoenas is removable; the state court retains jurisdiction over the rest of the underlying lawsuit. *See Wisconsin v. Hamdia*, 765 F.2d 612, 615 (7th Cir. 1985). Under a § 1442 removal, the federal court's jurisdiction essentially is derivative of the state court's jurisdiction. *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). "Therefore, if the state court lacks jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court." *Id*.

Attached to the notice of removal are the USDA regulations that prohibit Swisher from testifying without her agency's permission. *See, e.g.,* 7 C.F.R. § 1.218 (providing that a USDA employee who provides testimony without agency permission is subject to discipline). The state court lacks jurisdiction "to independently compel the testimony or production of documents when it is contrary to a valid agency regulation." *Edwards*, 43 F.3d at 316, *citing United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (holding that subordinate federal officials could not be held in contempt for failing to comply with a court order that was converse to a valid federal regulation). There is an "unbroken chain of authority" holding that "a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Edwards*, 43 F.3d at 317, *citing Touhy*, 340 U.S. at 468; *Boron Oil Co. v. Downie*, 873 F.2d 67, 70-72 (4th Cir. 1989); *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986).

At this point, it is clear that the Swisher subpoenas must be quashed. She declined to testify because, pursuant to a valid agency regulation, she had not been authorized to do so. The state court

lacks jurisdiction to enforce a subpoena against "an unwilling sovereign." *Edwards*, 43 F.3d at 317. Because the state court lacks jurisdiction to enforce the Swisher subpoenas, this Court similarly lacks jurisdiction to do so. In other words, because the United States and its agencies are immune from state court process unless sovereign immunity has been waived – which was not done here – the state court, and consequently this Court, lacks jurisdiction to enforce the subpoenas issued to Swisher. *See Dunne*, 2006 WL 1371445, at *4, *citing United States v. Sherwood*, 312 U.S. 584, 586 (1941).

This does not end the inquiry, however, into whether the USDA improperly withheld authorization for its employee to testify in the state case. "The proper method for judicial review of an agency decision pursuant to valid agency regulations is through the Administrative Procedure Act [APA], 5 U.S.C. § 701 *et seq*." *Edwards*, 43 F.3d at 315. The parties to the state court action have not even appeared in this federal action.[1] *Edwards* suggests that this Court could convert this matter to a proceeding under the APA. 43 F.3d at 315. But the Court declines to do so without further briefing by all interested parties.

## CONCLUSION

For the foregoing reasons, the motion to quash filed on behalf of Kim Swisher (Doc. 3) is **GRANTED**, and the subpoenas issued to Kim Swisher are **QUASHED**. Should any interested party wish to pursue the propriety of the USDA agency denying Swisher the authority to testify, briefing is due **on or before July 30, 2010**. If no further briefing is filed, this matter will be closed on the Court's docket. This Court lacks jurisdiction over the state court proceedings set to resume on July

---

[1] This is understandable, in light of the fact that the notice of removal was filed only two days before the state court proceedings are set to resume, and the notice of removal and motion to quash appear to have served on the parties by mail.

16th – save for quashing the Swisher subpoenas – and presumes that the trial will continue unless an additional continuance is ordered by the state court.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Clerk of the Circuit Court for the Fourth Judicial Circuit of Marion County, Illinois.  The United States Attorney's Office is **DIRECTED** to provide copies of this Order to all interested parties.

**IT IS SO ORDERED.**

DATED:  07/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge